# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLAUDE ROBERT PAYNE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | NO.: 1:11-cv-00309-AT |
| vs. ) | |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY and INFINITY SPECIALTY ) | |
| INSURANCE COMPANY f/k/a ) | |
| ATLANTA SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE STATE FARM'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I.   INTRODUCTION

In his Motion to Strike State Farm's Notice of Supplemental Authority, Plaintiff Claude Robert Payne ("Payne") asks the Court to take the remarkable step of *ignoring* controlling legal authority when considering State Farm's pending motion for summary judgment. Payne contends that State Farm acted improperly in notifying the Court of newly-decided controlling case law, and on this basis requests that the Court strike the Notice of Supplemental Authority and, one

assumes, simply ignore the new controlling case law. Payne's Motion to Strike should be denied.

## II.  ARGUMENT

### A.  State Farm Acted Properly in Bringing New, Controlling Authority to the Court's Attention.

Payne is simply incorrect when he suggests that State Farm's Notice of Supplemental Authority is procedurally improper. There can be no question that parties are entitled (and, indeed, in some instances are obligated) to provide the Court with controlling case law. While the Local Rules do not specifically authorize the filing of a Notice of Supplemental Authority, "filing notices of supplemental authorities that come to a party's attention after briefing is complete is a well-established practice." *Hornor, Townsend & Kent, Inc. v. Hamilton*, No. Civ. A. 1:01CV2979 JEC, 2004 WL 2284503, *11 (N.D. Ga. Sept. 30, 2004).

Briefing was completed on State Farm's Motion for Summary Judgment on January 17, 2012. A critical issue in that Motion was the applicability of the motor vehicle exclusion in the State Farm homeowners insurance policy, and it was fully briefed by the parties. On February 14, 2012, the Georgia Court of Appeals issued its opinion in *Hays v. Georga Farm Bureau Mutual Insurance Co.*, __ S.E.2d __, No. A11A1849, 2012 WL 447638 (Ga. App. Feb. 14, 2012), which applied the motor vehicle exclusion to bar liability coverage on facts that are on all fours with

this case.  Accordingly, on February 27, 2012, State Farm filed its Notice of Supplemental Authority apprising the Court of the *Hays* case, which is a new and controlling authority on a critical legal issue currently pending before the Court.  State Farm's action in filing the Notice of Supplemental Authority was unquestionably correct.

B.     **The Motion to Strike is an Impermissible Sur-Reply, and the Arguments Therein Should Be Disregarded by the Court.**

The Motion to Strike should also be denied because it is an impermissible sur-reply re-arguing a point Payne already argued in his opposition to the summary judgment motion.  In its Motion for Summary Judgment, State Farm argued that the motor vehicle exclusion in Payne's homeowners policy barred coverage.  (ECF Nos. 70 at 3; 70-1 at 25-29; 109 at 10-14.)  In opposition, Payne argued that State Farm was estopped from raising the motor vehicle exclusion because it tendered a conditional defense while it investigated coverage.  (ECF No. 101 at 12-15.)  Payne makes that same argument in this Motion to Strike, without noting any new legal authority, which makes the Motion an impermissible sur-reply.  (*Cf.* ECF No. 114 at 4-5.)  However, Payne's legal arguments, wherever raised, are fatally flawed:  Payne has never pointed to any binding or persuasive authority that shows an insurer *who defends an action pursuant to a reservation of rights* has nonetheless waived its right to contest the existence of insurance coverage.

3

Payne's Motion to Strike does nothing more than reiterate prior briefing, and should be denied as an impermissible sur-reply.

### III.   CONCLUSION

Payne's Motion to Strike should be denied, and the Court should apply the recently-decided Court of Appeals decision in *Hays v. Georgia Farm Bureau Mutual Insurance Company*.

Respectfully submitted this 13th day of March, 2012.

/s/ *Thomas W. Curvin*
Thomas W. Curvin (GA Bar No. 202740)
Molley J. Clarkson (GA Bar No. 142344)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996
Telephone: 404-853-8000
Facsimile:  404-853-8806
thomas.curvin@sutherland.com
molley.clarkson@sutherland.com

*Attorneys for Defendant State Farm Fire and Casualty Company*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned counsel hereby certifies that the foregoing **BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE STATE FARM'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** complies with the font and point selections approved by the Court in L.R. 5.1B.  This document was prepared on a computer using the Times New Roman font (14 point).

/s/ *Thomas W. Curvin*
*Attorney for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I certify that a copy of **BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE STATE FARM'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed electronically on March 13, 2012 using the CM/ECF system in the United States District Court for the Northern District of Georgia, with notice of the same to be electronically mailed by the Court to the following attorneys of record:

| | |
|---|---|
| J. Matthew Dwyer, Jr.<br>Dwyer & White<br>2100 Riveredge Parkway<br>Suite 700<br>Atlanta, GA 30328 | Frederick Mills Valz, III<br>Megan E. Boyd<br>Carlock, Copeland & Stair, LLP<br>191 Peachtree Street, N.E.<br>Suite 3600<br>Atlanta, GA 30303 |
| Jeffrey A. Kershaw<br>Michael J. Athans<br>Fields Howell Athans<br>& McLaughlin, LLP<br>191 Peachtree Street, NE<br>Suite 4600<br>Atlanta, GA 30303 | Peter H. Klee (P.H.V.)<br>Charles A. Danaher (P.H.V.)<br>McKenna Long & Aldridge LLP<br>600 W. Broadway, Suite 2600<br>San Diego, CA 92101 |

/s/ *Thomas W. Curvin*
Thomas W. Curvin